FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 02 2022
TAMMY H. DOWNS, CLERK
By: ______ DEP CLERK

**FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT**
**UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**_______________ DIVISION**

**CASE NO.** 4:22-cv-00789-KGB-PSH

**Jury Trial:** ☐ **Yes** ☑ **No**
**(Check One)**

I. Parties

In item A below, place your full name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of plaintiff: DARRYl BROADY
ADC # 161128

Address: PO. BOX 970 - 72360 MARIANNA AR

Name of plaintiff: _______________
ADC # _______________

Address: _______________

This case assigned to District Judge _______________
and to Magistrate Judge _______________

Name of plaintiff: _______________
ADC # _______________

Address: _______________

In item B below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B. Name of defendant: Dexter PAyne

Position: Director

Place of employment: Arkansas Department of corrections

Address: 6814 Princeton Pike Pine Bluff AR, 71602

Name of defendant: SolomON Graves

Position: Secretary (A D C) Arkansas Department of corrections



This case assigned to District Judge **Baker**
and to Magistrate Judge **Harris**

Place of employment: Ark Dep of corrections

Address: North Little Rock AR 72114

Name of defendant: G. LAy

Position: WARDen

Place of employment: Ark Dep't of Corrections

Address: Po. Box 9170 MariannA AR 72360

Name of defendant: ______

Position: ______

Place of employment: ______

Address: ______

II. Are you suing the defendants in:

- ☑ official capacity only
- ☐ personal capacity only
- ☑ both official and personal capacity

or Dmg

III. Previous lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ___ No ✓

B. If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

☐ Parties to the previous lawsuit:

Plaintiffs: ______

______

Defendants: ______

______

☐ Court (if federal court, name the district; if state court, name the county):

______________________________

☐ Docket Number: ______________________________

☐ Name of judge to whom case was assigned: ______________________________

☐ Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?) ______________________________

☐ Approximate date of filing lawsuit: ______________________________

☐ Approximate date of disposition: ______________________________

IV. Place of present confinement: East Arkansas Regional Unit

______________________________

V. At the time of the alleged incident(s), were you:
(check appropriate blank)

_____ in jail and still awaiting trial on pending criminal charges

✓ serving a sentence as a result of a judgment of conviction

_____ in jail for other reasons (e.g., alleged probation violation, etc.)
explain: ______________________________

______________________________

VI. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit. There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails. Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

A. Did you file a grievance or grievances presenting the facts set forth in this complaint?

Yes ✓ No ____

B. Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?

Yes ✓ No ____

If not, why? ______________________________________________

VII. Statement of claim

State here (as briefly as possible) the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On 6-24-22 I got a Memo from the Records Department and a copy of my time Computation Summary Stating that I was now on the 100% due to my Residential Burglary being Now Since May 24 2022 even if you Caught it before April 1, 2015. yet at the time of My Conviction it was not a Violent Charge which I took this Plea Bargain in 2012. Attorney General, Solomen Graves, Dexter payne and G. Lay Warden at E.A.R.U at the time violated my Rights by Changing my Time Computation Card to 100% without a Bill, law, nor Act being passed. Only thing that was mentiond was a AG. Opinion

Residental Burglary became A violent crime in 2015 I Caught mine in 2012. That being SAid why would they go BACK and Conduct A Audit. IF this wAs known that Residental Burglary WAS A violent crime. 7 years lAter It took 7 years to Realize that Residential Burglary was a violent crime. This CAn't be right AG only made a Opinion. Theirs no lAw, Bill or Act SAying that Res Burglary is a considered ~~violent~~ ~~2015~~ until 2015. I Should be under the Old lAw.

VIII. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I WANT the courts to let me serve my sentence of 15 yrs Class A Felony which is 1/2 of a 1/2 and I get to go up for parole in 3 1/2 years with class OR Just put me on 100% and let me serve 3 to 5 years + Be elgiable for Parole on Next Available DAte ~~on~~ or Release me to work Release and let me finish my sentence or Time Served on this 2nd Degree Murder AND Clear my Disciplinary history

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this 24 day of August, 2022.

Darryl Broody

Signature(s) of plaintiff(s)

Relief: Options

- Time Served on this 2 Deg murder
- Clear Disciplinary History
- Let me serve my sentence of 15yrs class A Felony and go up for parole in 3 1/2 years with Class
- let me serve 3 to 5 years 100% and be Done with Parole
- Let me go up for parole on the Next Available DAte
- Release me to work Release or 309 and let me finish my sentence
- Transfer me from EARU to be closer to my family in central Arkansas
- And Refund me All my Money I've spent on the Phone with the State + Commissary Since my 1st time I came to Prision
- change my sentence BACK to my Original TE date and take me off A 100%
- Run my 2nd Deg Murder sentence concurrent with my Parole violation like my Plea Negotiation states or Run it together With each other in other words or lamer terms

OK
Dwight Broady
8/3/22

Plea Honor this Copy & Response
Please

I Never stated that Residential Burglary was not A violent crime now due to the criminal Justice Reform Act of 2015. What im grieving is I recived and took A plea for this Residential Burglary Charge in 2012. When Residential Burglary was not a violent Charge so therefore I only have one violent charge and Records my sentencing order and time computation will prove that. I never had A previous violent crime therefore my grivence is with merit. Because Due to the criminal Justice Reform Act of 2015 Residential Burglary was not MADE violent until April 2015 and wasn't Retroactive until April 2015. I caught mine in 2012 so the only violent crime I got is 2nd degree Murder. To Sum it up. this Audit is being Conducted off A opinion overriding All the laws, Bills and Acts. Which isn't strong enough to overide the people who voted for these laws Bills and Acts.

ADDITIONAL DOCUMENTS & DUPLICATES WILL NOT BE CONSIDERED AS PART OF YOUR APPEAL

**Attachment VI**

INMATE NAME: Broady, Daryl ADC#: 161128 GRIEVANCE #: EAM22-01397

# Chief Deputy/Deputy/Assistant Director's Decision
(Amended Response)

I must apologize there was an error in addressing your response you received this in error

On ,8/22/2022, I issued you a response by stating, On 7/5/2022, you stated the following complaint: " The warden unit supervisor warden Lay and employees here at the EARU 7-6-22 is destroying or sabotaging my incoming legal mail I've yet to here anything from the united states district court since I've filed a lawsuit against the warden unit supervisor warden Lay, deputy warden D. W Johnson and deputy warden Richardson this is a federal offense denying me access to the courts or preventing me from hearing from the courts the administration here at the EARU is also preventing the inmates here at the EARU housed in administrative segregation from purchasing envelopes from the commissary Ms. Gordon stated to me and other inmates it will be weeks before were able to purchase envelopes."

The Warden responded to your grievance on 8/1/2022, by stating the following: You are grieving multiple issues, so therefore only one issue will be addressed. Deputy Warden Richardson and Deputy Warden Johnson both deny your allegations of destroying or sabotaging incoming legal belonging to you or any other inmate here at East Arkansas Regional Unit. They both deny your claims of denying you access to the courts. However, you have shown no further evidence to support your claims. Therefore, your grievance is found without merit.

Your appeal was received on 8/8/2022. After review of your appeal and supporting documentation, I find staff denies your allegations. You have failed to provide any evidence to substantiate your allegations. Without further evidence I must concur with the Warden's response of no merit.

Appeal denied

However, this is the amended response: On 7/7/2022, you stated the following complaint: On 6/29/22 I recived a letter from the records department supervisor Jena Caldwell and a copy of a time computation summary. The letter stated that I was now on the 100/ due to my residential burglary now since may/24/22 a violent offense. Yet at the time of my conviction this residential Burglary charge that occured in 2012 was not violent offense. (The criminal Justice Reform Act 2015) was enacted and effective April 2015. I tooka plea bargain in court on my suppose to be first violent charge and my attorney Garifield Bloodman Judge Jodi Denis and prosecuter Agreed that this couldnt and wouldnt happen because of the criminal justice reform act of 2015) Yet have it is I am on thee 100% without a law bill, nor act being pasted stating that this was now a violent charge. Instead on may 24, 2022 the attorney general issuedopinion #2022-010 stating that residential burglary should be classified as a violent felony offenses when calculating sentences. Yet it did not say that residential burglary was a violent offense. The law clearly states that (After April 2015) every Residential burglary it convicted was a violent offense. The dep of correction is breaking the law by recomputing my sentence and putting me on 100% off a opinion not a act , law or bill my case was in 2012 before the criminal Justice Reform Actwas enacted therefor by law not opinion my residential burglary is not a violent offense and ADC immediately needs (end of allotted space).

The Warden responded to your grievance on 8/3/2022, by stating the following: Ms. Caldwell, records supervisor, advised that, The Division of Correction has been conducting a time computation audit. Please be advised that residential burglary is now considered a violent crime. When you commit a

violent crime after a previous violent crime you are required to serve 100%. Therefore, your grievance is without merit.

Your appeal was received on 8/9/2022. After review of your appeal and supporting documentation, I find your appeal is without merit.

Appeal denied

Chief/Deputy/Assistant Director

8-25-22

Date

DARRYL BROADY #161128
P.O. Box. 970
MARiANNA, AR 72360

NEOPOST
FIRST-CLASS MAIL
08/31/2022
US POSTAGE $001.68º
ZIP 72320
041M11284582

Dep Clerk:
TAMMY H. Downs
600 West CAPtial Ave
Room A149
Little Rock AR 72201