# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DARRYL BROADY**  **PLAINTIFF**
ADC #161128

v.  No. 4:22-cv-789-DPM

**DEXTER PAYNE, Director,
ADC; SOLOMON GRAVES,
Secretary, ADC; G. LAY,
Warden, EARU, ADC**  **DEFENDANTS**

## ORDER

Broady has paid the $402 filing and administrative fees. *Doc. 8*. The Court must screen his complaint. *Doc. 1*; 28 U.S.C. § 1915A. Broady pleaded guilty in 2012 to residential burglary, theft of property, and criminal mischief and was sentenced to an aggregate sentence of 36 months probation. *State v. Broady*, No. 35CR-12-123A (Jefferson County). When he was later found guilty of possessing drugs and drug paraphernalia, his probationary sentence was revoked, and he was sentenced in both cases to a concurrent term of ten years imprisonment. *State v. Broady*, No. 35CR-13-96 (Jefferson County). Then, in February 2022, he pleaded guilty to second degree murder and was sentenced as a habitual offender to 180 months imprisonment. *State v. Broady*, No. 35CR-19-65 (Jefferson County).

First, Joe Profiri has replaced Solomon Graves as the ADC Cabinet Secretary. The Court directs the Clerk to update the docket sheet. Fed. R. Civ. P. 25(d).

Second, when Broady pleaded guilty to committing residential burglary in 2012, Arkansas did not consider the crime a violent felony. The law changed in 2015 when the General Assembly determined that residential burglary would be considered a violent felony for parole and sentencing purposes for any post-2015 offense. Broady says he was unaware of the change in the law and, with only one violent felony conviction rather than two, believed he would be parole eligible and wouldn't have to serve the entirety of his sentence. Initially, the ADC interpreted the amended statute as not applying to convictions that predated the amendment. But, in 2022, the ADC changed its interpretation, and began applying the amended statute to all residential burglary convictions. Broady argues that the ADC's application of the amended law to him amounts to both a due process and an *ex post facto* violation. He asks for a variety of sentencing relief and reimbursement for phone calls made in an effort to pursue his rights.

After Broady filed this lawsuit, the General Assembly enacted Act 683 of 2023. The Act says that the parole eligibility of persons affected by the 2022 change of policy about the treatment of residential burglary convictions should be recalculated. 2023 Ark. Acts 683. The Act

became effective on 1 August 2023.  Like the claims in the lead case, *Davis v. Arkansas Department of Corrections*, Case No. 4:22-cv-1140-DPM (E.D. Ark.), Broady's claims are now moot.  His complaint will be dismissed without prejudice.

    So Ordered.

                                        _____
                                        D.P. Marshall Jr.
                                        United States District Judge

                                        21 November 2023